1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

6

7

| | |
|---|---|
| 8  BRIAN TOFTE, in his Personal Capacity; CYNTHIA ALDERETTE, in her personal capacity; MICHAEL B. SMITH, Personal Representative of the Estate of JUSTIN LEE TOFTE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LONGVIEW, a political subdivision of the State of Washington; ROBERT HUHTA, Interim Chief of the Longview Police Department, in his personal capacity; JORDAN SANDERS, in his personal capacity; MATT HARTLEY, in his individual capacity; JOHN REEVES, in his personal capacity; JOHN and JANE DOES 1-10, in their personal capacities,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>JURY DEMANDED |

19

20          COMES NOW the above-named Plaintiffs, by and through attorneys Ryan D. Dreveskracht,

of Galanda Broadman, PLLC, and Mark Lindquist, of Herrmann Law Group and, by way of claim,

allege upon personal knowledge as to themselves and their own actions and upon information and

belief upon all other matters, as follows:

COMPLAINT - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

# I.     PARTIES

1.      Defendant CITY OF LONGVIEW is a political subdivision of the State of Washington.  City of Longview has various departments, including but not limited to the Longview Police Department ("LPD"), which is responsible for providing law enforcement services within City of Longview.

2.      Defendant ROBERT HUHTA, is the interim chief of the LPD, who, at all times relevant hereto, was acting under color of law.  In this role as Interim Chief, Defendant Huhta is responsible for Patrol, Detectives, and Special Units.  He is responsible for the supervisory decisions as they relate to Defendant Officers.  Defendant Huhta's acts and omissions were, at all times alleged, affirmatively linked to the behavior of Defendant Officers, in the sense that he encouraged, condoned, and/or acquiesced in their acts, omissions and established practices.

3.      Defendant JORDAN SANDERS is a Longview Police Detective who, at all times relevant hereto, was acting within the scope of his employment, and under color of law.

4.      Defendant MATT HARTLEY is a Longview Police Detective, who, at all times relevant hereto, was acting within the scope of his employment, and under color of law.

5.      Defendant JOHN REEVES is a Longview Police Sergeant, who, at all times relevant hereto, was acting within the scope of his employment, and under color of law.

6.      Defendants JOHN DOES 1-10 (hereinafter "Defendants Doe") are employees and/or agents of LPD.  Each Defendant Doe was within the scope of his/her employment at all times relevant hereto.  It is believed most, if not all, of the Defendants Doe are residents of the City of Longview.  These Defendants Doe knew and were deliberately indifferent and were negligent; acted in furtherance of an official and/or *de facto* policy or procedure of deliberate indifference and negligence; and/or were responsible for the promulgation of the policies and procedures and

COMPLAINT - 2

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

permitted the customs/practices pursuant to which the acts alleged herein were committed.  Their identities are unknown at this time and will be named as discovery progresses.

7.      Plaintiff BRIAN TOFTE is the decedent's father.  He brings claims in his personal capacity.

8.      Plaintiff CYNTHIA ALDERETTE is the decedent's mother.  She brings claims in her personal capacity.

9.      MICHAEL T. SMITH is the Personal Representative of the Estate JUSTIN LEE TOFTE.  Plaintiff SMITH brings all claims available to the Estate of JUSTIN LEE TOFTE and all beneficiaries under federal and state law.

## II.      JURISDICTION AND VENUE

10.      This action arises under Washington State's wrongful death law and the Constitution and laws of the United States, including 42 U.S.C. § 1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C.§ 1391(b)(1) and (b)(2).  The City of Longview is located in this District, and the events and omissions giving rise to the claims in this action occurred in this District.

12.      An RCW 4.96.020 Tort Claim was properly and timely filed with the City of Longview on November 20, 2020.  A supplement was filed on March 11, 2021.  Over sixty calendar days have elapsed since the claim and supplement were presented to the City.  All substantive and procedural requirements of RCW 4.96.020 have been met.

COMPLAINT - 3

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

### III.    FACTS

**A.    THE WRONGFUL DEATH OF JUSTIN LEE TOFTE**

13.    Justin Lee Tofte worked in construction. He had a certification from the Spokane Home Builders Association. In the summer of 2020, he earned a forklift license.

14.    On October 2, 2020, Justin was driving in a car with his girlfriend. They were picking up a friend. When they parked outside her house to wait, Justin stepped out of the car and crossed the street toward a local store.

15.    At approximately 1:25 p.m. that day, Defendant Sanders and Defendant Hartley, both officers with the LPD, spotted Justin.  Sanders and Hartley were armed and wearing tactical vests. Justin had a warrant for his arrest and the officers apparently believed he was armed.

16.    Defendant Reeves, a Longview Police Sergeant, was nearby in an unmarked vehicle. He was in communication with Defendants Sanders and Hartley and ready to provide backup.

17.    As Justin was walking toward the store, there was an interaction with the officers. Within 30 seconds of contact, Justin began running.  He ran south on Oregon Way, then turned east and ran past the Woodworkers Local 536 building.

18.    Thirty-three seconds after the Defendants first located Justin, Reeves notified dispatch that police were in a "foot pursuit."

19.    Justin turned north and ran through the alley between Oregon Way and 14th Avenue as Sanders and Hartley shouted at him and continued to chase him.

20.    Sanders then deployed his TASER, which he was holding in his left hand, causing Justin to fall to the ground:

COMPLAINT - 4

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509



21.     Seconds later, Justin regained his footing and continued to flee.

22.     The TASAR had an intermittent connection and apparently did not function at full capacity.

23.     While Justin was running away, Sanders discharged his firearm, which he held in his right hand, shooting Justin in the back. The bullet, or a fragment, struck Justin's right anxillary view, a major vein.

24.     Although the first shooting was not caught on video surveillance, a child playing near the area reacted to the noise of Sanders' firearm discharge by ducking and diving into an open garage:



COMPLAINT - 5

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



25.     Seconds later, the same video surveillance shows Justin come into view, wounded and struggling to run. Sanders comes into view just after him, holding his firearm in his right hand in the "shooting" posture:



26.     Justin fell to the ground. The officers closed in on him:

COMPLAINT - 6



27.     As Justin fell, and as Sanders and Hartly approached, a small black object appeared to project from somewhere on Justin's body and skid down the alley:



28.     When Sanders and Hartley were then within a few feet, Justin regained his footing and again tried to run away.

29.      Claiming he believed the black object that slid away when Justin fell was a gun, Sanders fired again.

30.     Again, Justin continued to run. Again, Sanders and Hartley gave chase.

31.     Less than a minute later, Justin's girlfriend came to the scene and gathered the items left behind when Justin fell.

COMPLAINT - 7

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509



32.     One of the items Justin's girlfriend recovered was his hat.  The other, the small black object, *was his cell phone*.

33.     Meanwhile, Justin, bleeding badly, continued to run. He made it roughly two blocks before collapsing.

34.     Four minutes later, medics arrived and transported Justin to St. John Medical Center, where he later died.

35.     The coroner ruled Justin's death a homicide.

36.     At no point during video footage, nor according to witness accounts, did Justin point any deadly weapon at any officers or civilians.

37.     At no point during video footage, nor according to any witness accounts, did Justin threaten to harm or kill any officers or civilians.

38.     At no point during video footage, nor according to any witness accounts—other than the involved officer's account—did Justin reach for a firearm.

39.     At no point during video footage, not according to any witness accounts, including the officers, is there any suggestion Justin point a gun in the direction or officers or anyone else.

**B.     LONGVIEW POLICE DEPARTMENT POLICIES, COUSTOMS, AND ESTABLISHED PRACTICES**

40.     This was not the first time Sanders had taken part in an officer involved shooting.

41.     In fact, it was not the first time that Sanders had recklessly and negligently shot and killed a civilian.

COMPLAINT - 8

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    42.    Indeed, it was not the first time that Sanders had recklessly and negligently shot and

2   killed a civilian *within just over a year's time span*.

3    43.    On September 8, 2019, Sanders fatally shot 51-year-old Christopher Johnson.

4    44.    Earlier that evening, Johnson had been brandishing a firearm in his own home,

5   making suicidal gestures.  LPD "de-escalated" the situation by driving onto Johnson's property in

6   an armored Lenco BearCat 4:



14    45.    Instead of using the BearCat to engage the suspect from a safe position, as the

15   tactical device was intended, Sanders recklessly and negligently flanked the armored vehicle,

16   putting himself in a direct line of fire.  His own negligence created his perceived need to use deadly

17   force. The common term is "officer-created jeopardy."

18    46.    When Johnson emerged from the home pointing his firearm at the BearCat, Sanders

19   shot and killed Johnson.

20    47.    Sanders was not disciplined, reprimanded, or provided additional training for his

21   reckless and negligent conduct.  Instead, he was praised for bravery by his supervisors, including

22   Chief Huhta.

COMPLAINT - 9

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

48.     LPD has a policy, custom, and established practice of condoning and encouraging the "shoot-first ask-questions-later" approach demonstrated by Sanders and his fellow LPD officers in the Tofte and Johnson incidents.

49.     LPD also has a policy, custom, and established practice of failing to supervise and train its officers to use deadly force as a last resort, as required by law and generally accepted police practices.

50.     In addition, LPD also has a policy, custom, and established practice of racial discrimination and/or bias. This is due, in part, to inadequate training.

51.     As a result of these policies, customs, practices, and inadequate training, Sanders may have perceived a greater threat than actually existed.

52.     Each of these policies, customs, established practices, and other inadequacies described above and in other respects as well, were a direct, proximate cause of Justin's wrongful death.

## IV.    CLAIMS

### A.    FIRST CAUSE OF ACTION: NEGLIGENCE

53.     All Defendants owed a duty to Plaintiffs to act as reasonable prudent persons.  This duty includes an obligation to act in a careful, lawful and prudent manner and in full compliance with applicable law.  At all times relevant to this case, all individually named Defendants were acting within the course and scope of their employment.  The City of Longview is liable for the negligence of the individually named Defendants.

54.     Defendants City of Longview and Chief Huhta had a duty of care to properly train officers to handle arrests without using excessive force and brutality and, as officers, to carry out arrests without using excessive force and brutality.

55.     By virtue of the facts set forth above, Defendants, as law enforcement agents of the

COMPLAINT - 10

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

City of Longview, breached their duty to act as reasonable law enforcement officers by failing, neglecting and/or refusing to properly and fully discharge their responsibilities.

56.    Defendants City of Longview and Chief Huhta were responsible for training and supervising the individually named Defendants and possessed a duty to adequately train and supervise those Defendants. Defendants acted negligently by failing to adequately and properly train and supervise the individually named Defendants with respect to the discharge of their responsibilities and duties.

57.    As a proximate cause of Defendants' breach of their duty to act as reasonable law enforcement officers, and to train and supervise the individually named Defendants, Plaintiffs have suffered harm, entitling Plaintiffs to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which have resulted in general damages for pain and suffering in ana mount to be proven at trial.

**B.    SECOND CAUSE OF ACTION: ASSAULT AND BATTERY**

58.    Defendant Sanders intentionally, and without Justin's consent, opened fire on Justin as he ran away, attempting to injure Justin and cause bodily harm.

59.    Defendant Sanders fired three shots, at least one of which hit his target, causing Justin bodily harm and death.

60.    As a trained police officer, Defendant Sanders knew his gun was a deadly weapon and could not have fired shots without the intent to cause harm to Justin.

61.    Because the City of Longview could have prevented this battery by the exercise of due care by government employees, the City of Longview is liable for its own negligence that resulted in the assault and battery of Justin.

62.    As a proximate result of the acts alleged herein, Justin, his father, his mother, and

COMPLAINT - 11

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

his estate suffered harm at the hands of Defendants, entitling Plaintiffs to damages in an amount to be proven at trial.

**C.     THIRD CAUSE OF ACTION: 42 U.S.C. § 1983 - EXCESSIVE FORCE AND BRUTALITY**

63.     By virtue of the facts set forth above, all Defendants are liable for the deprivation of Justin's civil rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the use of excessive force and physical brutality.

64.     By virtue of the facts set above, Defendant City of Longview and Defendant Huhta are liable under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), in that a policy or custom can be inferred from a showing of ratification of an unconstitutional act and LPD's policies, customs, and established practices.

**C.     FOURTH CAUSE OF ACTION: 42 U.S.C. § 1983, DEPRIVATION OF FAMILIAL RELATIONSHIP**

65.     By virtue of the facts set forth above, all Defendants are liable for the deprivation of civil rights of Brian Tofte and Cynthia Alderette, in their individual capacities, guaranteed by the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. § 1983, to be free from the deprivation of their liberty interest in a familial relationship with Justin without due process of the law.

## V.     JURY DEMAND

59.     Plaintiffs hereby demand a trial by jury.

## VII.     RELIEF REQUESTED

61.     Damages have been suffered by Plaintiffs and to the extent any state law limitations on such damages are purposed to exist, they are inconsistent with the compensatory, remedial and/or punitive purposes of 42 U.S.C. § 1983, and therefore any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein.

62.     WHEREFORE, Plaintiffs request a judgment against all Defendants:

COMPLAINT - 12

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

(a)    Fashioning an appropriate remedy and awarding economic and noneconomic damages, including damages for pain, suffering, terror, loss of consortium, and loss of familial relations, and loss of society and companionship pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be determined at trial;

(b)    Punitive damages;

(c)    Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or as otherwise available under the law;

(d)    Declaring the defendants jointly and severally liable;

(e)    Awarding any and all applicable interest on the judgment; and

(f)    Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of September, 2022.

GALANDA BROADMAN, PLLC

s/Ryan D. Dreveskracht

Ryan D. Dreveskracht, WSBA #42593
Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: ryan@galandabroadman.com

HERRMANN LAW GROUP

s/Mark Lindquist

Mark Lindquist, WSBA #25076
Attorney for Plaintiff
505 Fifth Ave. S. #330
Seattle WA 98104
mark@hlg.lawyer

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509