UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN TOFTE; CYNTHIA ALDERETTE; MICHAEL T SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LONGVIEW; JORDAN SANDERS,<br><br>Defendants. | Case No. 3:22-cv-05700-TMC<br><br>ORDER ON MOTIONS IN LIMINE |

Before the Court are Plaintiffs' and Defendants' motions in limine (Dkt. 57, 60). The Court has considered the parties' briefs and heard oral argument on certain motions at the pretrial conference on October 7, 2024. The motions are ripe for the Court's consideration.

**I.   BACKGROUND**

Plaintiffs bring this civil rights action under 42 U.S.C. § 1983 for alleged excessive force and assault and battery under Washington state law. Both parties filed their motions in limine on October 1, 2024. Dkt. 57, 60. Both parties responded to the other's motions. Dkt. 66, 67. Certain motions are stipulated to by the parties while others are disputed. The Court addresses each motion in turn.

## II. DISCUSSION

### A. Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023).

In ruling on motions in limine, courts do not "resolve factual disputes or weigh evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

### B. Plaintiffs' Motions in Limine

*1.   Motion in Limine 1: Exclude evidence of settlement communications.*

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

*2.   Motion in Limine 2: Exclude arguments referring to Plaintiffs' "greed" and similar arguments.*

Plaintiffs ask the Court to exclude "prejudicial statements about Plaintiffs' motivation." Dkt. 60 at 4. While the Court will not allow the specific, unduly prejudicial argument that Plaintiffs are motivated by "greed," the remainder of this motion ("and similar arguments") is too broad to determine before trial. The Court will decide objections to similar questioning or argument by Defendants as they arise. This motion is therefore GRANTED IN PART and DENIED IN PART.

3. *Motion in Limine 3: Exclude arguments and rumors of bad acts of Justin Tofte and evidence of Justin's "criminal background and reputation in the community."*

Plaintiffs seek to exclude evidence of Justin Tofte's criminal history and "reputation in the community" under Federal Rule of Evidence 404. Dkt. 60 at 4–5. Rule 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(b)(1) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Plaintiffs also argue that because they do not seek economic damages, Justin's criminal history is irrelevant under Federal Rule of Evidence 401.

In response, Defendants argue that "evidence of Justin's recent criminal acts, outstanding warrant, and recent reports of being armed with a gun are relevant for numerous non-propensity reasons." Dkt. 66 at 3. They contend that the officers' knowledge of Justin's criminal history is relevant to how an objectively reasonable officer would evaluate the need to use force under *Graham v. Connor*, 490 U.S. 386 (1989). They also argue that Justin's outstanding warrant is relevant to his motive for fleeing the police. *See* Fed. R. Evid. 404(b) (evidence of other crime, wrong, or act may be admissible for a purpose such as proving "motive" or "knowledge").

The Ninth Circuit has held that in excessive force cases, it is permissible for officers to testify "in a limited manner" about "their knowledge of [a plaintiff's] criminal history," because the testimony is "relevant to establish the facts and circumstances known to the officers" during the confrontation. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995); *see also Watson v. City of San Jose*, 765 F. App'x 248, 250–51 (9th Cir. 2019) ("Information actually known or observed by officers at the time of the incident is relevant to the use of force calculation under *Graham*."). Consistent with this precedent, the Court will allow Sgt. Sanders to

ORDER ON MOTIONS IN LIMINE - 3

testify as to his actual knowledge of Justin's criminal history. If Plaintiffs request, the Court will also give a cautionary instruction about the permissible purpose of the evidence. *See Ruvalcaba*, 64 F.3d at 1328.

Defendants have not cited any authority for their argument that Justin's subjective motive for running from the police is relevant to the *Graham* analysis, nor have they made any argument for why Justin's general "reputation in the community" may be considered. The Supreme Court and Ninth Circuit have repeatedly emphasized that whether a use of force was excessive must be decided based on the information known to the officer at the time. *See, e.g.*, *Graham*, 490 U.S. at 396 ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232–33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force."); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." (quoting *Graham*)).

The Court will therefore exclude any evidence of Justin's criminal history or reputation in the community that was not actually known to Sgt. Sanders at the time he employed deadly force. This evidence is not relevant to the excessive force analysis and it carries a significant risk of unfair prejudice to Plaintiffs or confusion of the issues before the jury. Fed. R. Evid. 401, 403, 404. Plaintiffs' motion is thus GRANTED IN PART and DENIED IN PART. Additional objections to specific testimony or exhibits will be considered as they arise at trial.

4. *Motion in Limine 4: Exclude evidence of Officer reputation.*

Plaintiffs ask the Court to exclude "good character" evidence that Sgt. Sanders might offer, such as commendations, awards, performance reviews, or reputation evidence. Dkt. 60 at

ORDER ON MOTIONS IN LIMINE - 4

7. Defendants respond that they do not intend to offer "reputation evidence" but that "[t]he jury should be allowed to hear about officers training and experience as it is relevant to determining the officer's credibility and the jury's evaluation of the officer's decision making." Dkt. 66 at 3. While the Court will allow testimony about the officers' training and experience that is relevant to the claims and defenses at trial, testimony about awards, commendations, or positive performance reviews is irrelevant, and any minimal probative value would be outweighed by the danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 401, 403. District courts in the Ninth Circuit often exclude similar evidence. *See, e.g.*, *Bedetti v. City of Long Beach*, No. CV 14-9102-DMG, 2017 WL 5495146, at *2 (C.D. Cal. Apr. 12, 2017); *Hermosillo v. Cnty. of San Bernardino*, No. EDCV-15-00033-DTB, 2017 WL 5479645, at *3 (C.D. Cal. Feb. 16, 2017).

> 5. *Motion in Limine 5: Exclude argument or evidence regarding a prosecutor's office review for the shooting for potential criminal charges.*

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

> 6. *Motion in Limine 6: Exclude witness Michael E. Lamb, any testimony regarding Justin's post-mortem toxicology report, and argument or speculation that Justin was "high" at the time of the shooting.*

Plaintiffs move to exclude evidence of Justin Tofte's post-mortem toxicology results, including the toxicology report itself, testimony from Michael Lamb about the toxicology results, and testimony from Christopher Neilson that "toxicology reports would later reveal that, during his encounter with the Longview Police Detectives, Mr. Tofte was high on methamphetamine, opiates, and marijuana." Dkt. 60 at 8–9. Plaintiffs argue that this information was not known to officers at the time of the shooting, is not relevant to the issues at trial, and creates a danger of unfair prejudice. *See id.* Defendants respond that "Justin's intoxication . . . is highly relevant to his damages claim," and that since Plaintiffs have not moved to bifurcate the trial, it would be unfair to Defendants to exclude the evidence. Dkt. 66 at 4. The parties clarified at oral argument

ORDER ON MOTIONS IN LIMINE - 5

that the evidence Plaintiffs seek to exclude concerns intoxication on the day of the shooting, and that other testimony will acknowledge Justin's history of addiction.

Both parties agree that evidence of Justin's intoxication is not relevant to liability, which is confirmed by Ninth Circuit precedent. *See, e.g.*, *Watson*, 765 F. App'x at 251 (testimony regarding "actual intoxication . . . would be impermissible [for *Graham* analysis] under *Hayes* and *Diaz*"). Although Defendants claim it is "highly relevant" to damages, they do not articulate how. Plaintiffs are not seeking economic damages. Do Defendants mean that Justin's life is necessarily worth less because he used drugs the day he was shot? The Ninth Circuit has explained that evidence of drug use based on similar theories has "marginal, if any, probative value as to damages, and none as to liability." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601–03 (9th Cir. 2016) (reversing jury verdict and remanding for new trial where extensive evidence of drug use was admitted "under the guise of impeaching [a mother's] testimony that she loved her son"). In *Diaz*, the Ninth Circuit cautioned the district court on remand that it should "closely review this evidence under Federal Rules of Evidence 401 and 403," and that it should be admitted only "to the degree that the testimony is connected up with [the mother's] reaction to her son's death." *Id.* at 603. Here, Defendants have not "connected up" Justin's intoxication to any other evidence or theory of damages. The Court finds that any minimal probative value of this evidence is outweighed by a significant danger of unfair prejudice. This motion is GRANTED.

> 7. Motion in Limine 7: Exclude testimony regarding Justin's "possession of a stolen gun the day of the incident in question."

Plaintiffs next ask the Court to exclude any testimony that Justin was in possession of a "stolen gun" on the day he was killed. Plaintiffs argue that the officers did not know the gun found with Justin was stolen, and that there is no evidence Justin stole the gun or knew it was

ORDER ON MOTIONS IN LIMINE - 6

stolen. Dkt. 60 at 9–10. Defendants respond that because Justin had a previous felony conviction, he was prohibited from possessing a gun, and therefore he must have known "he had not lawfully purchased" the gun. Dkt. 66 at 5. Defendants go on to argue that Justin's knowledge that he unlawfully possessed a gun means he knew "he would be going back to prison for a very, very long time," which led him to "seek his own death via suicide by cop in lieu of capture," and that this makes the evidence of the stolen gun admissible for the purpose of showing intent or motive under Federal Rule of Evidence 404(b). *Id.* (citing *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 947 (9th Cir. 2009)).

In *Boyd*, the Ninth Circuit held that a particular district court's decision to allow certain evidence in support of a suicide-by-cop theory was not an abuse of discretion. 576 F.3d at 943 ("We do not reverse the district court's decisions under an abuse of discretion standard unless we are 'convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.' (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)). As discussed above in this Court's ruling on Motion in Limine 3, in several cases since *Boyd*, the Ninth Circuit has reiterated that the jury's decision whether force was excessive cannot be based on information that was not known to the officers at the time. As explained further below, Defendants' suicide-by-cop theory of this case is based entirely on evidence that was either (1) not known to the officers at the time; or (2) occurred *after* Justin Tofte had been shot. That tenuous theory cannot justify the admission of highly prejudicial evidence that was not known to Sgt. Sanders when he decided to use deadly force. The Court finds that the minimal probative value of any evidence that the gun possessed by Justin was stolen is outweighed by a high danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 401, 403. This motion in limine is GRANTED.

ORDER ON MOTIONS IN LIMINE - 7

8.     *Motion in Limine 8: Exclude arguments or opinions stating or implying Justin was a "danger to the community" or comparable language.*

This motion in limine is too broad and vague for a pretrial ruling. As Defendants point out, part of the *Graham* analysis is whether Justin posed an immediate threat to the safety of officers or others. Dkt. 66 at 6. This motion is DENIED without prejudice and the Court will consider objections to specific evidence or testimony as they arise at trial.

9.     *Motion in Limine 9: Exclude argument stating or implying the law governing the use of deadly force by officers does not apply when the officer is making "split-second decisions," or comparable language.*

This motion is also too broad and vague for a pretrial ruling. Defendants will be allowed to make arguments consistent with the jury instructions on the use of force. This motion is DENIED without prejudice and the Court will consider objections to specific evidence or testimony as they arise at trial.

10.     *Motion in Limine 10: Exclude argument stating or implying the law governing the use of deadly force by officers does not apply when police officers "have a difficult job," or comparable language.*

This motion is also too broad and vague for a pretrial ruling. Defendants will be allowed to make arguments consistent with the jury instructions on the use of force. This motion is DENIED without prejudice and the Court will consider objections to specific evidence or testimony as they arise at trial.

11.     *Motion in Limine 11: Exclude argument stating or implying officers can lawfully shoot suspects for refusing to obey an officer's commands.*

This motion is also too broad and vague for a pretrial ruling. Defendants will be allowed to make arguments consistent with the jury instructions on the use of force. This motion is DENIED without prejudice and the Court will consider objections to specific evidence or testimony as they arise at trial.

> 12. *Motion in Limine 12: Exclude hearsay testimony of Longview Police Department personnel who have no first-hand knowledge of the incident involving Justin's arrest.*

This motion does not point to specific testimony or exhibits that Plaintiffs wish to exclude. The Court will apply the hearsay rules and decide specific objections as they arise at trial. This motion is DENIED without prejudice.

> 13. *Motion in Limine 13: Exclude evidence of Justin's statements made after Defendant Sanders shot him in the back.*

Plaintiffs move to exclude testimony from Sanders and Hartley that Justin Tofte made statements such as "kill me now, end this now, shoot me" when he was found on the ground about a block and a half away from where he had been shot. Dkt. 60 at 11. Plaintiffs argue that the potential for unfair prejudice resulting from these statements outweighs any minimal probative value. *Id.* Defendants respond that the statements are "directly relevant to Justin's state of mind because they show his plan, intent, or motive was to commit 'suicide by cop.'" Dkt. 66 at 7 (first citing *Boyd*, 576 F.3d at 947; and then citing *Lal v. California*, 746 F.3d 1112, 1117 (9th Cir. 2014)).

As discussed above, since *Boyd*, the Ninth Circuit has repeatedly reminded district courts that whether force was excessive must be determined based on the evidence known to the officer at the time force was used. The problem with Defendants' "suicide by cop" argument is that Justin made these statements *after* Sgt. Sanders shot him, while Justin was bleeding to death. Justin's statements in those circumstances say very little about his "plan, intent, or motive" earlier in the encounter, while he was running away, and they say even less about the facts known to Sgt. Sanders when he decided to use deadly force. If anything, Justin's statements suggest a person experiencing significant pre-death pain and suffering, knowing he was about to die, and asking the officers to finish the job ("end this now"). At the same time, allowing the

ORDER ON MOTIONS IN LIMINE - 9

officers to testify about Justin's statements carries a significant risk of unfair prejudice, confusing the issues, and misleading the jury as to what evidence may be considered when determining whether the force used was excessive. Fed. R. Evid. 403. This motion is GRANTED.

> 14. Motion in Limine 14: Exclude any argument or evidence suggesting that "taxpayers" or "the community" or "you and your family" will have to pay the bill for a verdict in favor of Plaintiffs.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

> 15. Motion in Limine 15: Require witnesses not to attend trial.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

> 16. Motion in Limine 16: Require notice of witnesses intended to be called at trial.

The parties stipulate to provide 24 hours' notice of which witnesses they intended to call each day. Accordingly, this motion is GRANTED.

> 17. Motion in Limine 17: Exclude legal conclusions offered by experts.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

### C.     Defendants' Motions in Limine

> 1. Motion in Limine 1: Exclude references to liability insurance or indemnification.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

> 2. Motion in Limine 2: Exclude all non-party witnesses should be exclude from the courtroom during trial until excused by the Court.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

> 3. Motion in Limine 3: Exclude evidence of settlement negotiations.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

> 4. Motion in Limine 4: Exclude relative financial condition of the Parties.

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

5. *Motion in Limine 5: Exclude statements that invite jurors to conceptually put themselves in the place of the plaintiff in considering any of the issues.*

Defendants ask the Court to prohibit Plaintiffs' counsel from "suggesting that the jury consider how they would feel if they were in the plaintiff's position, or otherwise seeking personal empathy towards the plaintiff." Dkt. 57 at 4. This motion is too broad and vague for a pretrial ruling. The Court expects counsel for both parties to refrain from improper arguments. Plaintiffs will be allowed to make arguments consistent with the jury instructions. The Court will not allow arguments that seek to improperly influence jurors or appeal to their sympathy rather than the evidence in the case. This motion is DENIED without prejudice and the Court will consider objections to specific statements or arguments as they arise at trial.

6. *Motion in Limine 6: Exclude prior or subsequent uses of force or other acts.*

Defendants move to exclude "any evidence of acts by Jordan Sanders, that are factually unrelated to this subject incident, including past or subsequent complaints, prior uses of force, or disciplinary actions or reports." Dkt. 57 at 4. They specifically ask the Court to (1) prohibit Plaintiffs' counsel from questioning any witness about such previous acts and (2) exclude Plaintiffs' Exhibit 3 (a report on use of force by Sgt. Sanders in 2018) and Exhibit 6 (concerning a prior shooting by Sgt. Sanders in 2019). *See* Dkt. 79.

Plaintiffs cite several cases for the general proposition that "other acts" evidence may be admissible to prove a pattern of conduct that would show the malice or reckless disregard of constitutional rights necessary for an award of punitive damages. Dkt. 67 at 2–3; *see* Fed. R. Evid. 404(b). But "other act" evidence is only admissible under Rule 404(b) if the proponent of the evidence satisfies the following test: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in

some cases, be similar to the offense at issue. *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000). Even if this test is satisfied, the evidence may still be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at 1133.

Plaintiffs have not addressed the elements of this test or made any showing as to how the specific evidence they seek to admit satisfies those elements. As the proponent of the evidence, Plaintiff bears the burden of establishing its admissibility. Plaintiffs have not made that showing under Rule 404(b), and evidence of unrelated incidents involving Sgt. Sanders otherwise carries a significant risk of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. This motion is GRANTED.

    7.    *Motion in Limine 7: Exclude statements about punitive damages.*

Defendants ask the Court to prohibit Plaintiffs from making any statements or arguments about punitive damages "because the plaintiffs will not be able to produce evidence in support of their punitive damages claim." Dkt. 57 at 7. To the extent Defendants seek judgment as a matter of law on the issue of punitive damages, that should have been brought as a motion for partial summary judgment, and it can be raised after the presentation of Plaintiffs' case in chief. Plaintiffs may put on admissible evidence that they believe goes to the issue of punitive damages. Although Plaintiffs may explain to the jury what they expect the evidence to show, argument of any kind is prohibited in opening statements. This motion is DENIED.

    8.    *Motion in Limine 8: Exclude psychological evaluations of Jordan Sanders.*

Plaintiffs no longer oppose this motion. Accordingly, this motion is GRANTED.

    9.    *Motion in Limine 9: Require that the Parties provide notice of the next day's witnesses, and deposition testimony in lieu of a witness at the end of each trial day.*

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

ORDER ON MOTIONS IN LIMINE - 12

### III.   CONCLUSION

IT IS SO ORDERED.

Dated this 8th day of October, 2024.

_____
Tiffany M. Cartwright
United States District Judge