UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN TOFTE; CYNTHIA ALDERETTE; MICHAEL T SMITH,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LONGVIEW; JORDAN SANDERS JORDAN SANDERS<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-05700-TMC<br><br>ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE |

Before the Court are Plaintiffs' and Defendants' supplemental motions in limine (Dkt. 82, 85). The Court has considered the parties' briefs. The motions are ripe for the Court's consideration.

**I.　BACKGROUND**

Plaintiffs bring this civil rights action under 42 U.S.C. § 1983 for alleged excessive force and assault and battery under Washington state law. Plaintiffs filed supplemental motions in limine on October 8, 2024. Dkt. 82. Defendants responded on October 14, 2024. Dkt. 89. Defendants also filed a supplemental motion in limine on October 9. Dkt. 85. Plaintiffs responded on October 10. Dkt. 88. The Court addresses each motion in turn.

## II. DISCUSSION

### A. Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023).

In ruling on motions in limine, courts do not "resolve factual disputes or weigh evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

### B. Plaintiffs' Supplemental Motions in Limine

17. *Motion in Limine 17: Exclude undisclosed expert testimony about the bullet path through Justin Tofte's body.*

Plaintiffs move to limit the testimony of Dr. Clifford Nelson, the Cowlitz County Medical Examiner who performed the autopsy on Justin Tofte, based on their belief that Defendants intend to elicit testimony that Dr. Nelson "can extrapolate the position of Justin's body in relation to the position of Defendant Sanders from the bullet entrance and exit wounds." Dkt. 82 at 2–3. Plaintiffs argue that this type of testimony would amount to opinion evidence that was never disclosed under Federal Rule of Civil Procedure 26. Defendants maintain that they do not intend to elicit such an opinion, but that Dr. Nelson should be allowed to testify to the findings in his autopsy report. Dkt. 89 at 1–2.

Dr. Nelson is a fact witness (see Dkt. 83-1 at 4) and his testimony will be limited to the contents and findings of his autopsy report. Any testimony that goes beyond the scope of the autopsy findings will not be permitted. This motion is GRANTED.

18. *Motion in Limine 18: Exclude evidence, arguments, and jury instructions on the "felony defense."*

Plaintiffs ask the Court to "exclude evidence, arguments, and jury instructions on the 'felony defense.'" Dkt. 82 at 4. Plaintiffs argue that Defendants failed to sufficiently plead or provide sufficient facts in discovery to support their "felony bar" defense to the assault and battery claims brought under Washington law. *Id.; see* RCW 4.24.420. Plaintiffs also argue that Defendants have insufficient evidence to support any of the felonies for which they have sought jury instructions as the basis for the affirmative defense.

Defendants argue that Plaintiffs are making an untimely dispositive motion. Dkt. 89 at 3–5. The Court agrees. Plaintiffs' arguments should have been brought in a dispositive motion, whether as a motion to strike or a motion for partial summary judgment. Plaintiffs may argue about what jury instructions are supported by the evidence at the charge conference, and they may renew their arguments in a Rule 50 motion after the close of evidence, but their arguments are not properly presented in a motion in limine. This motion is DENIED.

19. *Motion in Limine 19: Permit Plaintiffs' counsel to ask leading questions of adverse party witnesses in their case in chief.*

Plaintiffs request that they be permitted to ask leading questions on direct examination of Defendant Jordan Sanders and Longview Police Department employees Matt Hartley, Robert Huhta, and John Reeves. Dkt. 82 at 12. Under Federal Rule of Evidence 611(c)(2), leading questions may be asked "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Jordan Sanders is an adverse party, and the Court finds that

Matt Hartley, Robert Huhta, and John Reeves are witnesses identified with an adverse party within the meaning of the rule. This motion is GRANTED.

      C.      **Defendants' Motions in Limine to Limit Testimony of Plaintiffs' Expert Scott Defoe**

Defendants filed only one supplemental motion in limine. Dkt. 85. They move to limit the testimony of Scott DeFoe, Plaintiffs' expert witness in police practices, after the Court's ruling on summary judgment. *Id.* at 2. Defendants ask the Court to exclude three opinions from Mr. DeFoe: (1) that Detective Hartley and Sgt. Sanders "failed to formulate a proper and safe tactical plan if they reasonably believed that he was armed with a firearm"; (2) that Detective Hartley and Sgt. Sanders "failed to look for available cover while pursuing Tofte"; and (3) that the "fleeing felon" rule did not authorize Sgt. Sanders to shoot Mr. Tofte. Dkt. 85 at 2. Plaintiffs agree to exclusion of the third opinion as an impermissible legal conclusion.

Defendants argue that the first and second opinions are not relevant to any fact the jury must determine to decide whether the use of deadly force against Justin Tofte was reasonable. Dkt. 85 at 4–5. Plaintiffs respond that the opinions are relevant to the totality of the circumstances that confronted the officers at the time force was used. Plaintiffs are correct that under Ninth Circuit law, even after *County of Los Angeles v. Mendez*, 581 U.S. 420 (2017), the jury may consider whether an officer "created the very emergency he then resorted to force to resolve" or "failed to use alternative tactics" as part of the totality of the circumstances surrounding a use of force. *Winkler v. City of Phoenix*, 849 Fed. App'x 664, 666–67 (9th Cir. 2021) (cleaned up) (citing cases). Mr. DeFoe's opinions are relevant to these questions. This motion in limine is GRANTED as to the third challenged opinion and DENIED as to the first and second opinions.

### III.   CONCLUSION

IT IS SO ORDERED.

Dated this 16th day of October, 2024.

Tiffany M. Cartwright
United States District Judge